In re AMERICAN BODY ARMOR & EQUIPMENT, INC., Debtor,

AMERICAN BODY ARMOR & EQUIPMENT, INC., Plaintiff,

v.

Walter William CLARK, Jr., et al., Defendants.

Bankruptcy No. 93–295–Civ–J–20. Adv. No. 93–77.

United States District Court, M.D. Florida, Jacksonville Division.

March 11, 1993.

George E. Ridge, Kent, Ridge & Crawford, Mike E. Jorgensen, Franson, Aldridge & Sands, Jacksonville, FL, Eugene D. Gulland, Mark J. Plumer, Covington & Burling, Washington, DC, for American Body Armor & Equipment, Inc.

Ralph Lee, U.S. Attorney's Office, M.D. Fla., Jacksonville, FL, Robert S. Whitman,

U.S. Dept. of Justice, Federal Programs Branch, Civ. Div., Washington, DC, for Nat. Institute of Justice and DeWitt.

## ORDER

SCHLESINGER, District Judge.

This cause is before the Court on Michael G. O'Neill's Motion to Withdraw the Reference of this Adversary Proceeding (Doc. #1) filed on February 12, 1993.

### A. BACKGROUND

On January 8, 1992, this adversarial proceeding was instituted against Defendants seeking declaratory and injunctive relief for violations of § 14(c) of the Securities Exchange Act of 1934 and Regulations §§ 240.14(c)–2(a) and 240.14(c)–2(b). In that Complaint, Plaintiff seeks a declaration of its rights and liabilities for the following corporate actions which it believes to be *ultra vires:* That the Downe Group is ineligible to vote shares acquired by the Downe Group on March 12, 1990, or execute a consent in lieu of a vote; that the failure to disseminate an information statement voids the election of Walter William Clark, Jr., as a director; that corporate action taken by consent of security holders is not effective until the passage of twenty days from receipt of the statement; that the failure to comply with Plaintiffs bylaws which requires notice of a special meeting of the Board of Directors voids any decisions taken during the meeting; that Plaintiff's shareholders do not have the right to elect directors without prior Bankruptcy Court approval.

In sum, this case involves a dispute over power to redirect the business enterprise as it seeks reorganization under Chapter 11. Plaintiff was a privately held corporation until March 1989 when it sold publicly its stock. A group of investors known as the Downe Group purchased an aggregate 1,386,250 shares of Plaintiff's $.01 par value common stock, representing 55% of the outstanding shares. The Downe Group desired more than ownership of the company; the Group sought control of it.

In May 1992, Plaintiff filed Chapter 11 in the Middle District of Florida. Thereafter,

the events giving rise to this Complaint occurred. Defendant O'Neill became a member of the Board of Directors, and the Creditor's Committee filed a Motion to Prohibit Modification of the Debtor's Board of Directors Without Prior Court Approval which was scheduled for a hearing on February 18, 1993. Before that meeting occurred, on December 28, 1992, Defendant O'Neill called a series of meetings of the Board of Directors which were held during the first week of January 1993. On the afternoon of January 4, 1993, Plaintiff received a Written Consent to Resolutions in Lieu of Special Meeting of the Shareholders of American Body Armor & Equipment, Inc. By these resolutions Walter William Clark, Jr., was elected director.

Thereafter, Defendant O'Neill and Mr. Downe, on behalf of the Downe Group, filed documents with the Bankruptcy Court purporting to constitute Plaintiff's Second Amended Disclosure Statement to Accompany Debtor's Second Amended Plan of Reorganization. Now, in this Complaint, Defendant O'Neill claims that the Downe Group did not comply with the Act's requirement that a Debtor prepare an information statement and distribute it to unsolicited security holders (which refers to those creditors whom a proxy or consent was not solicited) before taking corporate action. Presumably, Defendant O'Neill filed this Complaint fearing that the Creditor's Committee will sue Debtor's fiduciaries should · Debtor comply with the demands of the Downe Group.

### B. WITHDRAWAL OF THE REFERENCE

Defendant filed this Motion to Withdraw the Proceeding, arguing that consideration of issues arising under Title 11 and the Securities Exchange Act of 1934 must be withdrawn under the mandatory language of § 157(d). *See, e.g., In re Contemporary Lithographers, Inc.,* 127 B.R. 122 (M.D.N.C.1991). The claims raised in the Complaint, according to Defendant, require consideration of both Title 11 and non-bankruptcy code federal law. Defendant asserts, therefore, that the Court should withdraw the reference from the bankrupt-

cy court so these claims may be decided by the District Court in the pending civil matter.

After the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), Congress' power to assign judicial authority to non-Article III judges was curtailed. In response to the Court's decision, the Congress responded by giving the district courts original jurisdiction over cases arising under title 11. *See* 28 U.S.C. § 1334(b). Although Congress conferred original jurisdiction to the district courts, Congress also provided parties a mechanism for withdrawing the reference after the case is referred to a bankruptcy court. 28 U.S.C. § 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 ... and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d), *quoted in Burger King Corp. v. B–K of Kansas, Inc.*, 64 B.R. 728 (D.Kan.1986).

■ This statute allows two types of withdrawal: (1) mandatory and (2) permissive. Mandatory withdrawal is required if the proceeding requires consideration of both title 11 *and* nonbankruptcy code federal law. The courts interpreting this language have developed different theories. One theory claims withdrawal is mandatory if resolution of the issues requires "substantial and material consideration" of non-bankruptcy code statutes. *Burger King*, 64 B.R. at 731. *Accord In re White Motor Corp.*, 42 B.R. 693, 705 (N.D.Ohio 1984). *See also* 1 *Collier on Bankruptcy* § 3.01 at 3–59 (15th ed. 1987). Courts adopting the literal theory read the statute literally and conclude withdrawal is mandatory

when the proceeding requires resolution of title 11 and non-bankruptcy code federal law statutes, regardless of the substantiality of the legal questions presented. *But see In re Adelphi Institute, Inc. v. Terranova*, 112 B.R. 534, 536 (S.D.N.Y.1990) (stating that if § 157 were read literally, it would eviscerate much of the work of bankruptcy courts).

The Defendant argues that its Complaint requires mandatory withdrawal. The Court disagrees with the advocated approach of adopting the "literal theory." The literal theory, if applied, would create an " 'escape hatch' " for matters properly referred to the bankruptcy court. *In re Johns–Manville Corp.*, 63 B.R. 600, 603 (S.D.N.Y.1986). It would be incompatible with congressional intent if claims were withdrawn that involved straightforward application of a federal statute to a set of facts. The law requires more than simply non-bankruptcy code issues before requiring mandatory withdrawal.

Instead, only those issues raising a "substantial and material consideration" of non-bankruptcy code law will result in mandatory withdrawal. To require "substantial and material consideration" means the claims must present something more than a lengthy complaint alleging violations of the Act. It requires resolution of cases of first impression[1] or "substantial and material conflicts" between non-title 11 federal law and the Bankruptcy code. *In re Adelphi Institute, Inc.*, 112 B.R. at 537.

■ In the case sub judice, the Defendant has failed to demonstrate any complexities or conflicts requiring resolution by this Court. The essence of Plaintiff's Complaint requires the Court to determine the shareholders' right to elect new directors during the pendency of a bankruptcy action and the procedural correctness of having conducted such an election. The Bankruptcy Court is already involved in resolving these issues which are related to the resolution of the Debtor's rights. In addition, the Middle District of Florida recognizes the power of the Bankruptcy Court to conduct jury trials when necessary.

---

1. *In re Combustion Equipment Associates, Inc.*, 67 B.R. 709 (S.D.N.Y.1986); *American Telephone & Telegraph Co. v. Chateaugay Corp.*, 88 B.R. 581 (S.D.N.Y.1988).

M.D.Fla.R. 2.18. As a result, the Plaintiff has failed to demonstrate sufficient grounds for mandatory withdrawal of the proceeding.

■ The same result is reached even if Defendant O'Neill were to argue permissive withdrawal. Section 157(d) provides that a "district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). However, for the reasons already discussed, Defendant has failed to demonstrate sound reasoning for withdrawing the reference. There are no issues of first impression or conflicts. Although the Complaint requires consideration of the Securities and Exchange Act, this case requires a straightforward application of the law and is properly before the Bankruptcy Court for adjudication.

Accordingly, it is **ORDERED AND ADJUDGED** that the Defendant's Motion to Withdraw the Proceeding is **DENIED.**

**DONE AND ORDERED.**