In re **FEDERATED DEPARTMENT STORES, INC., and Allied Stores Corporation, et al., Debtors.**

**FEDERATED DEPARTMENT STORES, INC., Plaintiff,**

v.

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Defendant.**

No. C–1–94–601.

United States District Court, S.D. Ohio, Eastern Division.

June 30, 1995.

Kim Martin Lewis, Frost & Jacobs, Cincinnati, OH, for Federated Department Stores, Inc.

Nicholas John Pantel, Department of Justice, Cincinnati, OH, Steven Rusak, U.S. Dept. of Justice, Washington, DC, for Environmental Protection Agency.

## OPINION AND ORDER

KINNEARY, District Judge.

This matter is before the Court to consider the United States Environmental Protection Agency's ("EPA") motion for withdrawal of reference. In the bankruptcy court, Federated Department Stores, Incorporated ("Federated"), a Chapter 11 debtor, commenced adversary proceedings against EPA seeking a declaratory judgment and injunctive relief. EPA requests this Court to withdraw the reference of those proceedings from the bankruptcy court. For the reasons that follow, the Court **DENIES** the motion.

### I.

For the purpose of this decision, all relevant facts are undisputed, so the Court need not restate them herein. The Court is called on to resolve one question: Should the Court withdraw reference of Federated's adversary proceeding from the bankruptcy court to decide the issue of when Federated's alleged Toxic Substance Control Act ("TSCA")[1] violations accrued into bankruptcy claims.

### II.

The Court must withdraw a proceeding from the bankruptcy court if it "determines that resolution of the proceeding requires consideration of both title 11 and other laws

1. 15 U.S.C. §§ 2601–29.

of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). The Court retains discretionary authority to withdraw the reference of a proceeding for cause shown. *Id.*

## A. Mandatory Withdrawal

 As stated above, the law requires the Court withdraw reference of a proceeding from the bankruptcy court when the proceeding requires consideration of both bankruptcy law and non-bankruptcy federal law. *Id.* Mere incidental reference to non-bankruptcy federal law is insufficient, however, to trigger mandatory withdrawal. *See In re Baldwin–United Corp.*, 57 B.R. 751, 757–58 (S.D.Ohio 1985). The consideration of non-bankruptcy federal law must be "substantial and material" before Section 157(d) compels withdrawal. *In re White Motor Corp.*, 42 B.R. 693, 703–704 (N.D.Ohio 1984); *see also In re Baldwin–United Corp.*, 57 B.R. at 755–57.

A substantial and material consideration involves more than mere rote application of the provisions of a federal law. *In re Americana Expressways, Inc.*, 161 B.R. 707, 714–715 (D.Utah 1993). Substantial and material consideration entails a significant interpretation of non-bankruptcy federal law. *In re American Body Armor & Equipment, Inc.*, 155 B.R. 588, 590 (M.D.Fla.1993).

EPA argues that the Court should withdraw Federated's adversary complaint because a determination of when the alleged TSCA violations accrued into bankruptcy claims requires a substantial and material consideration of non-bankruptcy federal law. The Court disagrees.

This District determines when a bankruptcy claim accrues primarily by reference to bankruptcy law. *See In re Baldwin–United Corp.*, 57 B.R. 759, 764–765 (S.D.Ohio 1985). Only incidental reference to non-bankruptcy law is required to determine the issue. *See In re Revere Copper and Brass Corp.*, 172 B.R. 192, 197 n. 8, 197–98 (S.D.N.Y.1994). Therefore, the Court is not compelled to withdraw reference because it is not called on to substantially and materially consider non-bankruptcy federal law.

## B. Discretionary Withdrawal

EPA argues that the Court should exercise its discretionary authority and withdraw the adversary proceeding. This District applies a two prong test which must be satisfied before withdrawing a reference: 1) there must be a clear demonstration of "cause" and 2) extraordinary circumstances must exist. *In re Onyx Motor Car Corp.*, 116 B.R. 89, 90 (S.D.Ohio 1990). The extraordinary circumstances must be "truly exceptional and compelling." *Id.* at 91.

Presuming that EPA has demonstrated cause that would permit this Court to withdraw the proceeding, withdrawal remains improper because the circumstances are neither exceptional nor compelling. Judge Aug's significant experience and familiarity with both the bankruptcy code and the facts of this case ensure that he is in the best position to preside over the adversary proceeding.

## III.

Upon consideration and being duly advised, the Court finds EPA's motion to be without merit, and it is, therefore, **DENIED**.

**IT IS SO ORDERED.**