**In re HVIDE MARIE INCORPORATED, et al., Debtors.**

**Hvide Marine Towing, Inc., Plaintiff,**

v.

**James S. Kimbrell, et al., Defendants.**

No. 8:00–CV–891–T–26F.
Bankruptcy No. 99–03024–PJW
Adversary No. 00–00170.

United States District Court,
M.D. Florida,
Tampa Division.

May 25, 2000.

David Samuel Jennis, Kevin Patrick O'Brien, Williams, Schifino, Mangione & Steady, P.A., Tampa, FL, William H. O'Brien, Robert F. Feinstein, Kronish Lieb Weiner & Hellman, LLP, New York City, for Hvide Marine Towing, Inc.

Eugene C. Langford, Langford & Hill, P.A., Tampa, FL, for James C. Brantner, Sr., Norman Atkins, Dwayne Keith, and Marine Towing of Tampa, Inc.

James Maxwell Landis, Donald A. Workman, Foley & Lardner, Tampa, FL, for James S. Kimbrell.

### ORDER

LAZZARA, District Judge.

Before the Court is James Kimbrell's Motion to Withdraw the Reference (Dkt.1), Hvide Marine Towing, Inc.'s Response in Opposition (Dkt.4), James Kimbrell's Reply (Dkt.6), and various declarations and exhibits. After careful consideration of the file, the Court is of the opinion that the reference should not be withdrawn.

### I. Background

The Bankruptcy Court for the District of Delaware transferred this adversary proceeding to the Bankruptcy Court for the Middle District of Florida on January 11, 2000. On January 28, 2000, Defendant James S. Kimbrell filed a motion to withdraw the reference in the Bankruptcy Court for the District of Delaware, because the file had not yet been physically transferred to Florida. On May 8, 2000, the Clerk's office of this Court received the pending motion to withdraw the reference.[1]

---

1. On July 11, 1984, this district exercised its authority pursuant to 28 U.S.C. § 157(a) by

One of the debtors, Hvide Marine Towing, Inc. (HMT), filed this adversary proceeding on November 2, 1999.[2] Just three days earlier, on October 29, 1999, Mr. Kimbrell terminated his employment with HMT to work for a newly-formed competitor in the harbor towing business in Tampa, Marine Towing of Tampa, Inc. (MTT). On November 15, 1999, the bankruptcy judge in Delaware issued a preliminary injunction in favor of HMT. The bankruptcy court found that Mr. Kimbrell and other defendants had violated their employment agreements and fiduciary duties in violation of the automatic stay of section 362 of the Bankruptcy Code.

On December 2, 1999, HMT filed a six-count amended complaint asserting three particular counts against Mr. Kimbrell:[3] (1) violations of the automatic stay of the Bankruptcy Code; (2) breach of Mr. Kimbrell's employment agreement; and (3) breach of his fiduciary duties. On January 10, 2000, Mr. Kimbrell filed an answer denying all allegations and asserting various affirmative defenses. Only one affirmative defense, the eighth, implicates non-bankruptcy code federal law. This defense is couched as an equitable one based on unclean hands and estoppel. Mr. Kimbrell contends that HMT committed unlawful monopolistic activities in violation of the Sherman Antitrust Act, the Foreign Corrupt Practices Act, and Florida antitrust laws.

Mr. Kimbrell did not request a jury trial in his answer. On April 18, 2000, Mr. Kimbrell filed a motion to amend his answer in which he now requests a jury trial. He asserts that this Court should withdraw the reference based on both mandatory and permissive grounds.

## II. Analysis

A party may seek to withdraw the reference pursuant to 28 U.S.C. § 157(d). Section 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 ... and other laws of the United States regulating organizations or activities affecting interstate commerce.

The first sentence addresses "permissive withdrawal," and the second sentence, "mandatory withdrawal." *See In re American Body Armor & Equip., Inc.*, 155 B.R. 588, 590 (M.D.Fla.1993). Jury trial considerations arise under the permissive withdrawal portion. The interaction between bankruptcy law and non-bankruptcy code federal law is a matter concerning mandatory withdrawal.

### A. Mandatory Withdrawal

█ There are basically two different approaches used in determining whether withdrawal is mandatory. *See In re American Body Armor & Equip., Inc.*, 155 B.R. at 590. First, the "literal theory" advocates reading the statute literally. Consequently, the district court must withdraw the reference if the proceeding requires consideration of both title 11 and "other laws of the United States regulating organizations or activities affecting interstate commerce."[4] Withdrawal prevails

entering a standing order of referral to the bankruptcy courts. *See In re: Assignment of Cases Arising Under Title 11, United States Code,* No. 94–MISC–152 (M.D.Fla. July 11, 1984).

2. HMT, Hvide Marine Incorporated, and over 150 affiliates filed for bankruptcy protection under Chapter 11 on September 8, 1999. The Bankruptcy Court for the District of Delaware confirmed the Debtors' plan of reorganization on December 9, 1999.

3. Other defendants were named in the three counts along with Mr. Kimbrell. The remaining three counts assert claims against MTT.

4. This phrase is referred to in court opinions as non-bankruptcy code federal law.

"regardless of the substantiality of the legal questions presented." *See id.* Without examining the non-bankruptcy code issues, however, section 157(d) may be used as an "escape hatch" for matters Congress meant to be referred to the bankruptcy courts. *See id.* (citing *In re Johns–Manville Corp.,* 63 B.R. 600, 603 (S.D.N.Y. 1986)).

■ Recognizing the "escape hatch" argument, the second approach considers the magnitude of the effect of non-bankruptcy code federal law on the proceeding. To withstand scrutiny under the second approach, the federal issues raised must warrant "substantial and material consideration." *See id.* This means that the affirmative defense, as in this case, must present something more than an assertion that a particular federal act has been violated. It must demand more than a straightforward application of the law. It must rise to the level of requiring a decision on a matter of first impression or of conflict between bankruptcy and other federal law. *See id.*

The second approach appears to be the better-reasoned one. In this case, the facts alleged in the eighth affirmative defense center around monopolistic or "unlawful" activities which may not even come into play, and if so only minimally, in determining whether Mr. Kimbrell's activities violated the automatic stay. For example, the defense asserts such unlawful activities as (1) issuing customer contracts requiring exclusivity by the customer, (2) trying to purchase a special tug already under an option to purchase by MTT, and (3) improperly attempting to enforce Mr. Kimbrell's deferred compensation agreement and employment agreement. To the extent the two federal acts mentioned in the eighth affirmative defense may be implicated, the application of these laws to violations of the automatic stay is not "substantial and material" so as to warrant withdrawal of the reference.

Moreover, the issues raised by the eighth affirmative defense are not "complicated interpretative issues" and are not ones of first impression or conflict. *See In re Int'l Airways, Inc.,* 222 B.R. 663, 667–668 (S.D.Ga.1998) (citing *In re C–TC 9th Ave. Partnership,* 177 B.R. 760, 764 (N.D.N.Y.1995)). The alleged unlawful monopolistic activities appear to be susceptible to a straightforward application of well-settled non-bankruptcy federal law. Applying the "substantial and material" test to this case, withdrawal of the reference under the mandatory provision must be denied.

## B. Permissive Withdrawal

■ Permissive withdrawal is within the discretion of the district court. *See In re TPI Int'l Airways, Inc.,* 222 B.R. at 668. "Cause" must be shown to trigger consideration of withdrawal under the permissive provision of section 157(d). While the Eleventh Circuit has not articulated criteria for determining what constitutes "cause," it has commented that "this is not an empty requirement." *See In re Simmons,* 200 F.3d 738, 741 (11th Cir.2000) (citing *In re Parklane/Atlanta Joint Venture,* 927 F.2d 532, 536 (11th Cir.1991)). In *Parklane,* the court reiterated the criteria suggested by the Fifth Circuit in *Holland America Insurance Co. v. Succession of Roy,* 777 F.2d 992, 998 (5th Cir.1985), for determining what constitutes "cause:" (1) advancing uniformity in the administration of bankruptcy law; (2) prevention of forum shopping; (3) conservation of the parties' resources; and (4) facilitation of the bankruptcy process. *See In re Simmons,* 200 F.3d at 742 (citing *In re Parklane,* 927 F.2d at 536 n. 5). Other courts have considered additional factors including: "(1) whether the claim is core or non-core; [footnote omitted] (2) efficient use of judicial resources; (3) a jury demand, and (4) prevention of delay." *See In re TPI Int'l Airways, Inc.,* 222 B.R. at 668 (citing various courts).

■ All of the four factors mentioned by the Eleventh Circuit as well as the other

four considerations militate toward denying withdrawal.[5] At this juncture, Mr. Kimbrell has not demanded a jury trial. The bankruptcy court is quite capable of ruling on the motion to amend the answer to include such a demand. In the event the bankruptcy court grants the request, the bankruptcy judge is "fully equipped" with the necessary judicial skills to determine and resolve all legal issues arising in this case prior to trial. *See, e.g., In re Keene Corp.*, 182 B.R. 379, 385 (S.D.N.Y. 1995) (denying motion to withdraw the reference on the basis of ripeness and observing that the bankruptcy judge "is fully equipped with the tools to proceed with [the] matter without interference by the district court" until such time as the matter is ready to proceed to trial). Accordingly, this Court finds that the bankruptcy court is best equipped to rule in this adversary proceeding involving violations of the automatic stay.

It is therefore **ORDERED AND ADJUDGED** that the Motion to Withdraw the Reference (Dkt.1) is **DENIED** without prejudice to the Defendant renewing its motion at such time as the case is ripe for determination by a jury. The Clerk is directed to close this file.

---

**5.** Whether the claim is core or non-core is a determination that should first be made by the bankruptcy court. *See In re Int'l Airways, Inc.*, 222 B.R. at 668 n. 3 (citing *Marshall v. City of Atlanta*, 195 B.R. 156, 165 n. 3 (N.D.Ga.1996)).