### In re WORLDCOM, INC., SECURITIES & "ERISA" LITIGATION.

### No. 1487.

Judicial Panel on Multidistrict Litigation.

Oct. 8, 2002.

BeFORE: WM. TERRELL HODGES,* Chairman, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN * and J. FREDERICK MOTZ, Judges of the Panel.

### *TRANSFER ORDER*

Now before the Panel are three motions for centralization, pursuant to 28 U.S.C. § 1407, collectively encompassing 42 actions listed on the attached Schedules A and B and pending in five districts as

---

* Judges Hodges, Sear and Jensen took no part in the decision of this matter.

follows: 26 actions in the Southern District of New York, twelve actions in the Southern District of Mississippi, two actions in the Southern District of Florida, and one action each in the Northern District of California and the District of District of Columbia. Movants are i) plaintiffs in the District of District of Columbia action, ii) plaintiff in one of the Southern District of Mississippi actions (*Slater*), and iii) twelve directors of WorldCom, Inc. (WorldCom). There is general agreement that some form of Section 1407 centralization is appropriate in this docket arising from the collapse of WorldCom. Disagreement exists concerning i) whether actions brought under the Employee Retirement Income Security Act of 1974 (ERISA) should be centralized in a separate MDL docket, ii) whether actions relating to the issuance of analyst reports recommending purchase of WorldCom stock should be included in this docket, and iii) the selection of transferee forum—suggested districts are the Southern District of Mississippi, the Southern District of New York, the Northern District of California, and the District of District of Columbia.

 On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation listed on Schedule A involve common questions of fact and that their centralization in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Schedule A actions share factual questions arising out of alleged misrepresentations or omissions concerning WorldCom's financial condition and accounting practices. Whether the actions be brought by securities holders seeking relief under the federal securities laws, shareholders suing derivatively on behalf of WorldCom, or participants in retirement savings plans suing for violations of ERISA, all Schedule A actions can be expected to focus on a significant number of common events, defendants, and/or witnesses. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary. *See In re Enron Corp. Securities, Derivative & "ERISA" Litigation,* 196 F.Supp.2d 1375 (Jud.Pan.Mult.Lit.2002). Plaintiffs in the California and District of Columbia actions have opposed centralization of the federal securities actions and ERISA actions in a single MDL docket and have instead suggested that the eleven ERISA actions now before the Panel be centralized separately in the Northern District of California (the choice of the California plaintiffs) or the District of District of Columbia (the choice of the District of Columbia plaintiffs). We agree with all other parties that have addressed this issue (including the plaintiffs in the nine other ERISA actions now before the Panel) that such a dichotomy is unwarranted. We point out that transfer of all related actions to a single judge has the streamlining effect of fostering a pretrial program that: i) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi–Piece Rim Products Liability Litigation,* 464 F.Supp. 969, 974 (Jud.Pan. Mult.Lit.1979); and ii) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. Any concerns of the objecting ERISA plaintiffs that Section 1407 centralization will somehow retard the pace at which their claims are prosecuted should be addressed to the transferee judge, who remains free to establish separate tracks for discovery and motion practice in any constituent MDL–1487 ac-

tion or actions, whenever she concludes that such an approach is appropriate.

■ On the basis of the papers filed and hearing session held, the Panel further finds that Section 1407 centralization of the actions listed on Schedule B would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. One of those actions (*Guest*), which was included on the Mississippi plaintiff's motion, is brought solely against WorldCom for a breach of contract arising from a four day interruption of telephone service. It thus bears no relation to actions focusing on alleged accounting and other financial irregularities at WorldCom.

The other two Schedule B actions (*Garner* and *Spangler*) were included on the WorldCom directors' motion, although those movants have since sought leave to withdraw their Section 1407 centralization request with respect to the two actions. The recently appointed lead plaintiff in the consolidated Southern District of New York securities action, however, continues to support inclusion of *Garner* and *Spangler* in MDL–1487. Although also brought under the federal securities laws as class actions, *Garner* and *Spangler* differ from the other MDL–1487 securities actions in that they do not name WorldCom, any WorldCom officer or director, or World-Com's auditor as defendants. Instead, plaintiffs sue investment analyst Jack Grubman and his ex-employer, Salomon Smith Barney, Inc. (Salomon), on behalf of persons who purchased WorldCom stock as a result of alleged misrepresentations and omissions occurring in connection with defendants' issuance of reports recommending purchases of WorldCom stock. While there may indeed be some overlap between these "analyst" actions and the other MDL–1487 actions, we are persuaded that the factual and legal issues in the other MDL–1487 actions are likely to be largely distinct from issues regarding the conduct of an equity research analyst that are at the heart of *Garner* and *Spangler*. In this regard, we note that within the Southern District of New York *Garner* and *Spangler* are part of a group of other actions against Mr. Grubman and Salomon (regarding issuance of research reports for WorldCom and certain other fallen companies) that have been consolidated before a judge other than the judge to whom the WorldCom securities, derivative and ERISA actions have been assigned. Inclusion of *Garner* and *Spangler* in MDL–1487 would disrupt this structure already established in the transferee district. Finally, we note that to the extent any coordination between the "analyst" actions and the MDL–1487 actions becomes desirable, the involved judges within the transferee district may address that matter in an appropriate fashion on their own.

■ We are persuaded that an appropriate transferee forum for centralized pretrial proceedings in this litigation is the Southern District of New York. We note that i) the New York area is one of several locations likely to be a source of documents and witnesses relevant to this litigation; ii) the constituent New York actions have already been coordinated or consolidated before a single judge in that district and are proceeding apace; iii) the Southern District of New York is also the venue for other important WorldCom legal proceedings (including Worldcom's bankruptcy case, a civil suit by the Securities and Exchange Commission, criminal complaints brought by the United States, and the "analyst" actions involving Salomon and Mr. Grubman); and iv) a litigation of this scope will benefit from centralization in a major metropolitan center that is well served by major airlines, provides ample hotel and office accommodations, and offers a well developed support system for legal services.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Denise Cote for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, transfer is denied with respect to the actions listed on the attached Schedule B.

### SCHEDULE A

*MDL–1487—In re WorldCom, Inc., Securities & "ERISA" Litigation*

*Northern District of California*
> *Stephen Vivien, et al. v. WorldCom, Inc., et al.,* C.A. No. 3:02–1329

*District of District of Columbia*
> *Patrick Emanuele, et al. v. WorldCom, Inc., et al.,* C.A. No. 1:02–1353

*Southern District of Florida*
> *Kim Y. Bracey v. WorldCom, Inc., et al.,* C.A. No. 9:02–80561
> *Paula K. Hobson v. WorldCom, Inc, et al.,* C.A. No. 9:02–80602

*Southern District of Mississippi*
> *Jeremy Oran, et al. v. WorldCom, Inc., et al.,* C.A. No. 3:02–484
> *Judy Wilson Rambo, et al. v. WorldCom, Inc., et al.,* C.A. No. 3:02–1088
> *Kenneth Z. Slater, etc. v. WorldCom, Inc., et al.,* C.A. No. 3:02–1092
> *William Goldstein v. Bernard J. Ebbers, et al.,* C.A. No. 3:02–1141
> *Genotra Cornish v. WorldCom, Inc., et al.,* C.A. No. 3:02–1144
> *Wendell C. Williams v. WorldCom, Inc., et al.,* C.A. No. 3:02–1145

> *Ghita Levine v. WorldCom Corp., et al.,* C.A. No. 3:02–1146
> *Sherman Oliver v. WorldCom, Inc., et al.,* C.A. No. 3:02–1150
> *Estinika McGlothin v. WorldCom, Inc., et al.,* C.A. No. 3:02–1151
> *James R. Mueller, et al. v. WorldCom, Inc., et al.,* C.A. No. 3:02–1156
> *Tina Langley Lyons v. WorldCom, Inc., et al.,* C.A. No. 3:02–1158
> *Pacific Income Advisors, Inc. v. WorldCom, Inc., et al.,* C.A. No. 3:02–1168

*Southern District of New York*
> *In re WorldCom, Inc. Securities Litigation,* C.A. No. 1:02–3288
> *Michael Bamdis v. WorldCom, Inc., et al.,* C.A. No. 1:02–3416
> *Brian Barry v. WorldCom, Inc., et al.,* C.A. No. 1:02–3419
> *Beverly Schreck, et al. v. WorldCom, Inc., et al.,* C.A. No. 1:02–3508
> *David Crum v. WorldCom, Inc., et al.,* C.A. No. 1:02–3537
> *David Kramer v. WorldCom, Inc., et al.,* C.A. No. 1:02–3647
> *Steven Brakl v. WorldCom, Inc., et al.,* C.A. No. 1:02–3750
> *Davon Group, Ltd. v. WorldCom, Inc., et al.,* C.A. No. 1:02–3771
> *Robin Hodes Jacobs, etc. v. WorldCom, Inc., et al.,* C.A. No. 1:02–4719
> *Gail M. Grenier, et al. v. WorldCom, Inc., et al.,* C.A. No. 1:02–4816
> *Shereen Beydoun v. WorldCom Group, Inc., et al.,* C.A. No. 1:02–4945
> *Eric Edwards, et al. v. WorldCom, Inc., et al.,* C.A. No. 1:02–4946
> *Maurice Brodsky v. WorldCom, Inc., et al.,* C.A. No. 1:02–4958
> *Nicholas Federicka, et al. v. WorldCom, Inc., et al.,* C.A. No. 1:02–4973
> *Above Paradise Investments, Ltd. v. WorldCom, Inc., et al.,* C.A. No. 1:02–4990

*Frank D. Seinfeld v. James C. Allen, et al.,* C.A. No. 1:02–5018

*Ronnie Ribnick v. WorldCom, Inc., et al.,* C.A. No. 1:02–5057

*Robert D. Jaffee Revocable Trust v. WorldCom, Inc., et al.,* C.A. No. 1:02–5071

*Gary Ginsburg v. WorldCom, Inc., et al.,* C.A. No. 1:02–5087

*Jeffrey R. Applebaum v. WorldCom, Inc., et al.,* C.A. No. 1:02–5108

*John T. Alexander v. WorldCom, Inc., et al.,* C.A. No. 1:02–5140

*Robert Weiss v. WorldCom, Inc., et al.,* C.A. No. 1:02–5224

*Municipal Police Employees Retirement System of Louisiana v. WorldCom, Inc., et al.,* C.A. No. 1:02–5285

## SCHEDULE B

*MDL–1487—In re WorldCom, Inc., Securities & "ERISA" Litigation*

*Southern District of New York*

*B.R. Guest, Inc. v. WorldCom, Inc.,* C.A. No. 1:02–2775

*James R. Garner v. Salomon Smith Barney, Inc., et al.,* C.A. No. 1:02–4038

*Marjorie Spangler v. Salomon Smith Barney, Inc., et al.,* C.A. No. 1:02–4087