### In re UNUMPROVIDENT CORP. SECURITIES, DERIVATIVE & "ERISA" LITIGATION

No. 1552.

Judicial Panel on Multidistrict Litigation.

Sept. 2, 2003.

---

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of the twelve actions in the Eastern District of Tennessee, two actions in the Southern District of New York, and one action each in the Northern District of California, Southern District of Illinois, and Eastern District of Pennsylvania as listed on the attached Schedule A.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by defendant UnumProvident Corporation and related entities (collectively UnumProvident)[2] for coordinated or

---

1. In addition to the actions presently before the Panel, the parties have identified three related actions in the Southern District of New York and two related actions in, respectively, the Eastern District of Tennessee and the Western District of Tennessee. These and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

2. The related entities are comprised of the following corporate and director or officer defendants: Provident Life and Accident Insurance Company; Provident Life and Casualty Insurance Company; First Unum Life Insurance Company; Unum Life Insurance Company of America; The Paul Revere Life Insurance Company; Colonial Life and Accident Insurance Company; Patriot Acquisition Corporation; William L. Armstrong; J. Harold Chandler; Jon. S. Fossel; Ronald E. Goldsberry; Robert C. Greying, Hugh O. MacLellan, Jr.; A.S. (Pat) MacMillan, Jr.; George J. Mitchell; Cynthia A. Montgomery; James L. Moody, Jr.; C. William Pollard;

consolidated pretrial proceedings of the actions in the Eastern District of Tennessee. Plaintiff in one Southern District of New York action (*Azzolini*) opposes any centralization of his action with the other actions. Otherwise there is general agreement that some form of Section 1407 centralization is appropriate in this docket. Disagreement exists concerning i) whether actions brought under the Employee Retirement Income Security Act of 1974 (ERISA) by policyholders allegedly denied benefits should be centralized in a separate multidistrict litigation docket, and ii) the selection of transferee forum, with suggested transferee districts including the Eastern District of Tennessee, the Southern District of New York, and, in the alternative, the Northern District of California.

■ On the basis of the papers filed and hearing session held, the Panel finds that these seventeen actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Tennessee will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions involve allegations that Unum-Provident engaged in improper claims handling practices in furtherance of a company-wide effort to reduce costs and inflate revenues. Whether the actions be brought by securities holders seeking relief under the federal securities laws, shareholders suing derivatively on behalf of UnumProvident, participants in retirement savings plans suing for violations of ERISA, or policyholders claiming improper denial of benefits under ERISA, all actions can be expected·to focus on a significant number of common events, defendants, and/or witnesses. Centralization under Section 1407 is necessary in order to eliminate duplica-

tive discovery; prevent inconsistent pretrial rulings, especially with respect to questions of class certification; and conserve the resources of the parties, their counsel, and the judiciary. *See, e.g., In re Enron Corp. Securities, Derivative & ERISA Litigation,* 196 F.Supp.2d 1375 (Jud.Pan.Mult.Lit.2002).

Plaintiffs in an action and potential tag-along action in the Eastern District of Tennessee brought under ERISA do not object to centralization in the Eastern District of Tennessee, but oppose any consolidation of their actions with the actions brought under the federal securities laws. The governing statute, however, contemplates transfer for "coordinated or consolidated proceedings." 28 U.S.C. § 1407(a). Accordingly, we leave the degree of any coordination or consolidation to the discretion of the transferee judge.

Plaintiffs in the Northern District of California action, the Southern District of Illinois action and one Southern District of New York action (*Keir*) have opposed centralization of their actions with the other actions in a single docket. These plaintiffs sue under ERISA on behalf of policyholders who allegedly were improperly denied insurance benefits. Instead, these plaintiffs have suggested that these three actions, and any other similar actions filed in the future, be centralized separately in the Southern District of New York or the Northern District of California, the alternative choice of the California plaintiff. We agree with moving defendants that such a dichotomy is unwarranted because the core factual allegations complained of in these three actions are embraced by the other actions in this docket.

Plaintiff in the other Southern District of New York action (*Azzolini*) opposes inclusion of his action in Section 1407 pro-

Lawrence R. Pugh; Lois D. Rice; John W. Rowe; Burton E. Sorenson; Thomas R. Watjen; and Linda A. Levensque.

ceedings on the grounds that his action does not concern securities, policies or plans issued by UnumProvident and thus, he argues, does not share questions of fact with the other actions before the Panel. We are not persuaded by these contentions. We note that the claims in this action depend upon the same allegations of improper claims denial by UnumProvident involved in the other actions and that transfer under Section 1407 does not require a complete identity or even majority of common factual issues as a prerequisite to transfer.

We point out that transfer of all related actions to a single judge has the streamlining effect of fostering a pretrial program that i) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi–Piece Rim Products Liability Litigation,* 464 F.Supp. 969, 974 (Jud.Pan.Mult.Lit.1979), and ii) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. Any concerns of the objecting plaintiffs that Section 1407 centralization will somehow retard the pace at which their claims are litigated should be addressed to the transferee judge who remains free to establish separate tracks for discovery and motion practice in any constituent MDL–1552 action or actions, whenever he concludes that such an approach is appropriate. *See, e.g., In re Worldcom, Inc., Securities & Erisa Litigation,* 226 F.Supp.2d 1352 (Jud.Pan.Mult.Lit.2002). Finally, to these plaintiffs and any other parties who believe that the uniqueness of their particular situation or the type of their claims renders continued inclusion of their respective actions in MDL–1552 unnecessary or inadvisable, we emphasize that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, 199 F.R.D. at 436–38.

■ We are persuaded that an appropriate transferee forum for centralized proceedings in this litigation is the Eastern District of Tennessee. We note that this is the suggested transferee district in which i) UnumProvident has its headquarters and many individual defendants reside, and therefore relevant witnesses and documents will likely be found there; ii) the majority of the related federal court actions—thirteen of 22—are pending before a single judge; iii) actions brought under the federal securities laws and ERISA are pending along with actions brought derivatively by shareholders; and iv) centralization will facilitate coordination between the federal court actions and related state court litigation pending in Tennessee. We also observe that this district enjoys support from moving defendants and various plaintiffs, including plaintiff in an action pending elsewhere. Furthermore, this district currently has no other multidistrict litigation docket.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Eastern District of Tennessee are transferred to the Eastern District of Tennessee and, with the consent of that court, assigned to the Honorable Curtis L. Collier for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

### SCHEDULE A

*MDL–1552—In re UnumProvident Corp. Securities, Derivative & "ERISA" Litigation*

*Northern District of California*

*Edmundo M. Rombeiro v. Unum Life Insurance Co. of America, et al.,* C.A. No. 3:02–4018

*Southern District of Illinois*

*Marcia Harris v. UnumProvident Corp., et al.,* C.A. No. 3:03–217

*Southern District of New York*

*Theresa Keir, et al. v. UnumProvident Corp., et al.,* C.A. No. 1:02–8781

*Silvio Azzolini v. CorTS Trust II for Provident Financial Trust I, et al.,* C.A. No. 1:03–3257

*Eastern District of Pennsylvania*

*Thomas P. Davis, et al. v. UnumProvident Corp., et al.,* C.A. No. 2:03–940

*Eastern District of Tennessee*

*Joan Ferrari v. William L. Armstrong, et al.,* C.A. No. 1:02–386

*Frank W. Knisley v. UnumProvident Corp., et al.,* C.A. No. 1:03–49

*Steven Rasner v. UnumProvident Corp., et al.,* C.A. No. 1:03–54

*Fern Lerner v. William L. Armstrong, et al.,* C.A. No. 1:03–59

*Abraham Elias v. UnumProvident Corp., et al.,* C.A. No. 1:03–81

*Richard Stolz v. UnumProvident Corp., et al.,* C.A. No. 1:03–84

*Robert Friedman v. J. Harold Chandler, et al.,* C.A. No. 1:03–86

*Yoram Levy v. J. Harold Chandler, et al.,* C.A. No. 1:03–103

*Guy Patterson v. J. Harold Chandler, et al.,* C.A. No. 1:03–109

*Raymond P. Miller v. UnumProvident Corp., et al.,* C.A. No. 1:03–119

*Doreen Gee v. UnumProvident Corp., et al.,* C.A. No. 1:03–147

*Richard P. Martin v. UnumProvident Corp., et al.,* C.A. No. 1:03–162