**William K. HOLMES, et al., Plaintiffs,**

v.

**Jack B. GRUBMAN, et al., Defendants.**

**No. 5:04–CV–54–3 (DF).**

United States District Court,
M.D. Georgia,
Macon Division.

April 29, 2004.

---

Joseph J. Burton, Jr., Atlanta, GA, David L. McGee, Pensacola, PA, William Jemison Misms, Jr., Pensacola, PA. for plaintiffs.

C.B. Rogers, Brett A. Rogers, J. Timothy Mc Donald, Atlanta, GA, for defendants.

FITZPATRICK, District Judge.

Presently before the Court is Defendants' Motion to Withdraw the Reference from the Bankruptcy Court (tab # 1). The Bankruptcy Court denied Defendants' motion to transfer this adversary proceeding to the Southern District of New York, at which time Defendants' filed this motion to withdraw the proceeding from the Bankruptcy Court.

## I. DISCUSSION

### A. *Factual Background*

The matter at issue is an adversary proceeding filed in the Bankruptcy Court for the Middle District of Georgia on June 23, 2002. Plaintiff William K. Holmes filed for Chapter 11 bankruptcy on July 1, 2002, and is the managing member of the other Plaintiffs, which were entities owned or controlled by members of the Holmes family. According to the parties, Mr. Holmes owned more than 2.1 million shares of stock in WorldCom and sought to dispose of these shares in 1999, when the value of the stock was at its height. However, Plaintiff Holmes did not dispose of the stock at that time, supposedly, because of advice given by Defendant Salomon Smith Barney. Defendant Grubman, a then employee of Salomon, is alleged to have produced fraudulent research reports that overstated the value of WorldCom, its earnings and outlook. This alleged fraud in misrepresenting and omitting information as to the value of WorldCom stock, according to Plaintiff Holmes, was the catalyst that caused him to enter Chapter 11 bankruptcy.

This adversary proceeding was brought, in June 2003, to recover money lost due to Defendants allegedly fraudulent behavior. The complaint alleged ten counts, including federal and state securities fraud under § 12(a)(2) of the Securities Act of 1933, under Rule 10b–5, and § 10(b) of the Securities and Exchange Act of 1934. In September 2003, Defendants filed a motion to transfer the proceeding to the Southern District of New York and consolidate the action with those analogous actions currently pending in that court. Defendants' motion was denied by the Bankruptcy Court on February 5, 2004. Thereafter, Plaintiffs amended their complaint and served Defendants with the Second Amended Complaint on February 25, 2004. Defendants objected to the Second Amended Complaint, at which point Plaintiffs revised the Second Amended Complaint so as to eliminate all the federal securities law claims. However, Plaintiffs' amendments that excluded the federal securities law claims to the Second Amended Complaint are still pending, as the Bankruptcy Court decided, at an April 12, 2004

hearing, not to change the status of the complaint until this motion was decided. It is to this motion that the Court now turns.

### B. Withdrawal of Reference

■ Bankruptcy courts provide a special forum for debtors and creditors to reach prompt resolution of bankruptcy issues, with district courts serving in a supervisory and appellate capacity for the bankruptcy courts. *See In re TPI Int'l Airways*, 222 B.R. 663, 667 (S.D.Ga.1998). In filing with this Court a motion to withdraw the reference of this proceeding from the bankruptcy court, Defendants seek to have this matter decided somewhere other than in the Bankruptcy Court for the Middle District of Georgia, as "motions to withdraw reference from the bankruptcy court under § 157(d) essentially only determine the forum in which final decisions will be reached." *In re King Mem'l Hosp.*, 767 F.2d 1508, 1510 (11th Cir.1985). Section 157(d) provides for two distinct methods of withdrawal—mandatory and permissive. *See In re TPI*, 222 B.R. at 667.

#### 1. Mandatory

■ Mandatory withdrawal is provided for when the district court, "determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C.A. § 157(d) (West 1993). Two distinct approaches exist for determining when mandatory withdrawal is appropriate: (1) a liberal, statutory approach and (2) the substantial and material test. *See id.* at 667; *see also In re Hvide Marine Inc.*, 248 B.R. 841 (M.D.Fla.2000). The first approach requires withdrawal whenever the "resolution of a proceeding requires the consideration of both bankruptcy and non-bankruptcy laws." *In re TPI*, 222 B.R. at 667 (quoting *In re C–TC*

*9th Ave. Partnership*, 177 B.R. 760, 763 (N.D.N.Y.1995), reh'g denied 182 B.R. 1 (1995)). Conversely, the second approach requires withdrawal "only if the court can make an affirmative determination that resolution of the claims will require substantial and material consideration of those non-Code statutes which have more than a de minimis impact on interstate commerce." *Id.* at 667 (quoting *In re White Motor Corp.*, 42 B.R. 693, 705 (N.D.Ohio 1984)). In adopting the substantial and material test, the Southern District of Georgia noted that the test was consistent with Congressional intent and had been adopted by other courts in the Eleventh Circuit. *See id.* at 667. Since that time, still other courts in the Eleventh Circuit have continued to apply the substantial and material test, and for these reasons, so will this Court. *See Hvide*, 248 B.R. at 843–44.

■ In applying the substantial and material test to the proceeding at hand, the Court notes that mere application of federal law does not make withdrawal mandatory; withdrawal is only mandatory when "complicated, interpretive issues" are involved, especially with matters of first impression or where there is a conflict between bankruptcy and other laws. *See id.* at 844; *see also In re TPI*, 222 B.R. at 667–68. Additionally, what is necessary for a mandatory withdrawal is that the "resolution of non-bankruptcy law must be essential to the dispute." *In re Am. Body Armor & Equip.*, 155 B.R. 588, 590–91 (M.D.Fla.1993). It is without question that issues raised in the adversary proceeding involve federal securities laws, even if the complaint is amended to include only claims brought pursuant to Georgia law, federal securities laws will provide the basic framework of the complaint. However, the presence of federal, non-bankruptcy law in this action does not automatically require the withdrawal of

the reference from the bankruptcy court. *See id.* at 590. The court in *In re Am. Body Armor & Equip.* was faced with this exact situation, a motion for mandatory withdrawal of a proceeding from the bankruptcy court that arose under Title 11 and the Securities Exchange Act of 1934. Reasoning that the issues involving the Securities Exchange Act were not issues of first impression nor did the issues substantially and materially conflict with the bankruptcy laws under Title 11, that court denied the motion to withdraw the reference. Likewise, as before this Court, nothing about the issues presented under the federal securities laws is an issue of first impression nor has either party shown that the federal securities laws substantially and materially conflict with Title 11. Therefore, the Court is not inclined to mandate withdrawal of this proceeding.

Furthermore, Defendants argue that withdrawal is mandatory in order to effectuate the transfer of this proceeding to the Southern District of New York for consolidation with cases already pending in that district. The Court does not agree with Defendants' assessment of the need to transfer this matter. In arguing for transfer, Defendants make reference to *Moxley v. Citigroup Global Markets, Inc.,* No. 1:03–CV–3502–TWT (N.D.Ga.), a case, handled by Plaintiffs' counsel, that was transferred to the Southern District of New York for coordinated and consolidated pre-trial discovery proceedings. The conditional transfer order in the *Moxley* case cites the Judicial Panel on Multidistrict Litigation ("the Panel") order that consolidated the litigation involving the collapse of WorldCom as the basis for transfer. *See In re Worldcom, Inc. Securities & Erisa Litigation,* 226 F.Supp.2d 1352 (Jud.Pan.Mult.Lit.2002). In this decision consolidating forty-two (42) actions, the Panel specifically did not consolidate three actions then pending. Two of the actions not consolidated involved plaintiffs

suing "investment analyst Jack Grubman and his ex-employer, Salomon Smith Barney, Inc." for stock actions that resulted from "alleged misrepresentations and omissions occurring in connection with defendants' issuance of reports." Indeed, as noted by the Panel opinion, there are class action lawsuits pending in the Southern District of New York against these defendants, Mr. Grubman and Salomon Smith Barney, for the issuance of fraudulent research reports for WorldCom and other fallen companies, but that fact did not require consolidation of these two suits. Accordingly, in keeping with the reasoning of the Panel, this action is more closely related to the actions not consolidated than those transferred and consolidated such that this Court is not persuaded that withdrawal is mandatory.

■    Finally, the Court notes its inability and lack of authority to transfer this action to the Southern District of New York. Pursuant to § 1407, either a party must move the Panel or the Panel itself must initiate a motion to transfer, which the Panel then must grant before transfer and consolidation occurs. *See* 28 U.S.C.A. § 1407(c)(i)(ii) (West 1993); *see also* Rules of Procedure of the Judicial Panel on Multidistrict Litigation (West 2004).

*2. Permissive*

■    In addition to mandatory withdrawal, Congress granted district courts the discretionary authority to withdraw any case or proceeding from a bankruptcy court "for cause shown." 28 U.S.C.A. § 157(d); *see also In re Simmons,* 200 F.3d 738, 741 (11th Cir.2000) (citing *In re Parklane/Atlanta Joint Venture,* 927 F.2d 532 (11th Cir.1991)). The decision to allow a permissive withdrawal is within the sound discretion of the district court, but should only be done where appropriate, that is where good cause is shown. *See id.; see also In re TPI,* 222 B.R. at 668.

While the statute does not define what constitutes "cause shown," the Eleventh Circuit has held that cause is not "an empty requirement" and has articulated factors that may used in considering cause shown.[1] *See In re Simmons,* 200 F.3d at 741. To determine if cause has been shown, a court should consider these factors: (1) uniformity and efficiency in the administration of bankruptcy law; (2) prevention of forum shopping; (3) conservation of parties' resources; and (4) facilitation of the bankruptcy process. *See In re Parklane,* 927 F.2d at 536 n. 5. Furthermore, other courts, although not the Eleventh Circuit but district courts within this circuit, also consider (1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) a jury demand; and (4) prevention of delay. *See In re TPI,* 222 B.R. at 668 (citing various courts); *see also In re Hvide,* 248 B.R. at 844; *Control Center, LLC v. Lauer,* 288 B.R. 269, 274 (M.D.Fla.2002).

Defendants have not satisfied all of the factors articulated by the Eleventh Circuit in *Parklane* for showing that cause exists for permissive withdrawal. Plaintiff William Holmes' bankruptcy petition has been pending before the bankruptcy court for nearly two years. It would be inefficient and disruptive to the administration of Plaintiff Holmes' bankruptcy estate to withdraw this proceeding; although, this proceeding is not a core matter of Plaintiff Holmes' bankruptcy case and the disruption may be limited. Furthermore, Defendants maintain that it will be costly to produce a second set of discovery materials in addition to what is being produced for the litigation pending in the Southern District of New York. However, from the Panel opinion, it would appear Defendants are currently producing at least three sets of discovery materials as they are engaged in discovery in at least two other suits similar to Plaintiffs that are not a part of the consolidated discovery. *See In re WorldCom,* 226 F.Supp.2d at 1355 (noting that the two actions not consolidated, the *Garner* and *Spangler* actions, involved claims against Grubman and Salomon Smith Barney for misrepresentations and fraud). However, at this time, the Court is not persuaded by either party on the issue of forum shopping but does note that it seems the most efficient use of judicial resources would be to conduct a single discovery process for these issues.

The supplemental factors used by other district courts in this circuit favor permissive withdrawal. Both parties concede that Plaintiffs' claims are largely non-core claims and that a jury trial in the district court is the likely outcome of this matter. Furthermore, one discovery proceeding administered by a court focused on the issues seems to both conserve judicial resources and be fair to the litigants involved. The discovery that would occur in the Southern District of New York is likely to be completely related to Defendants activities and evidence. Thus, the need for Plaintiffs to appear in New York is unlikely and any additional cost would be off-set by the efficiency of a streamlined discovery process. Additionally, only discovery would be consolidated and occur in New York as matters transferred by the Panel are remanded to the district from which they came once pre-trial matters are completed, such that any inconvenience Plaintiffs incur would be limited in duration. Indeed, what is most persuasive to the Court that cause has been shown in favor of permissive withdrawal is that, even

---

**1.** The Eleventh Circuit did not specifically adopt these factors, as a Fifth Circuit decision was cited in a footnote as the source of the factors. The factors have been widely used in this circuit since this decision. See *In re Parklane,* 927 F.2d at 536 n. 5 (quoting *Holland Am. Ins. Co. v. Succession of Roy,* 777 F.2d 992, 999 (5th Cir.1985)).

though this Court does not find the arguments for transfer persuasive or compelling, Defendants are unable to seek a transfer from the Panel unless the reference is withdrawn from the bankruptcy court. *See* 28 U.S.C.A. § 1407(a), § 1407(c)(ii) (noting that an action must be pending in a district court before an action may be transferred, either by the panel on its own initiative or by motion of a party to the Panel). However, any benefit to be obtained from withdrawing this proceeding from the bankruptcy court is contingent upon its transfer to the Southern District of New York.

## II. CONCLUSION

Therefore, Defendants' Motion to Withdraw the Reference is **GRANTED CON-** **DITIONALLY,** that is on the condition that Defendants move and receive from the Judicial Panel on Multidistrict Litigation an order of transfer. If Defendants have not so moved by July 1, 2004, or if the motion for transfer is denied by the Panel, or if the Panel has taken no action within a reasonable time, this Court will, upon notice to the parties, remand this reference to the bankruptcy court.

SO ORDERED, this __ day of April, 2004.