## In re ENRON CORP. SECURITIES, DERIVATIVE & "ERISA" LITIGATION

### No. 1446.

Judicial Panel on Multidistrict Litigation.

April 16, 2002.

Before HODGES,* Chairman, KEENAN, SEAR, SELYA, GIBBONS, JENSEN * and MOTZ,* Judges of the Panel.

### TRANSFER ORDER

This litigation currently consists of the 54 actions listed on the attached Schedule A and pending in five districts as follows: 40 actions now consolidated into three actions in the Southern District of Texas, eleven actions in the Eastern District of Texas, and one action each in the Eastern District of Arkansas, the Southern District of California, and the Southern District of Florida.[1] Plaintiffs in two of the Eastern District of Texas actions move the Panel, pursuant to 28 U.S.C. § 1407, for centralization of the actions in the Eastern District of Texas for coordinated or consolidated pretrial proceedings. None of the parties now before the Panel opposes centralization. The only real dispute concerns selection of the transferee district. In addition to the Eastern District of Texas forum proffered by movants, the Southern District of Texas and the Western District of Oklahoma have been suggested by various respondents.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization in the Southern District of Texas will serve the convenience of the parties and witnesses and promote the just and effi-cient conduct of the litigation. All actions share factual questions concerning allegedly negligent and/or fraudulent conduct relating to the financial collapse of Enron Corp. (Enron). Whether the actions be brought by securities holders seeking relief under the federal securities laws, shareholders suing derivatively on behalf of Enron, or participants in Enron retirement savings plans suing for violations of the Employee Retirement Income Security Act of 1974, all actions can be expected to focus on a significant number of common events, defendants, and/or witnesses. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that this litigation has a strong Texas nexus and that the appropriate transferee forum for centralized pretrial proceedings is the Southern District of Texas. We note that i) many parties, witnesses and documents will be found in Houston, where Enron is head-quartered and where Enron's auditors performed much of their audit work; ii) most of the actions have been brought in the Southern District of Texas, and the majority of responding MDL–1446 parties have expressed a preference for that forum; iii) proceedings are furthest advanced in S.D. Texas; and iv) a litigation of this scope will benefit from centralization in a major met-

---

* Judges Hodges, Jensen and Motz took no part in the decision of this matter.

1. The motion before the Panel pertained to one additional Southern District of Texas action that has since been dismissed, *City of Birmingham Retirement and Relief Plan v. Enron Corp., et al.*, C.A. No. 4:01–3940. Accordingly, the question of Section 1407 transfer with respect to this action is moot. Additionally, the Panel has been notified of more than 40 potentially related actions now pending in federal district courts. In light of the Panel's disposition of this docket, these additional actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

ropolitan center that is well served by major airlines, provides ample hotel and office accommodations, and offers a well developed support system for legal services.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Southern District of Texas are transferred to the Southern District of Texas and, with the consent of that court, assigned to the Honorable Melinda Harmon for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

### SCHEDULE A

*Eastern District of Arkansas*

*Stephen A. McIntyre v. Kenneth L. Lay, et al.,* C.A. No. 4:01–836

*Southern District of California*

*Mark E. McKinney v. Enron Corp., et al.,* C.A. No. 3:01–2182

*Southern District of Florida*

*Diana M. Perez v. Enron Corp., et al.,* C.A. No. 1:01–4951

*Eastern District of Texas*

*David R. Wortham v. Enron Corp., et al.,* C.A. No. 5:01–299

*David Trzebucki, et al. v. Andrew S. Fastow, et al.,* C.A. No. 5:01–308

*Duane Mceachern v. Enron Corp., et al.,* C.A. No. 5:01–310

*William E. Davis, et al. v. Enron Corp., et al.,* C.A. No. 5:01–313

*John Anson v. Kenneth L. Lay, et al.,* C.A. No. 5:01–318

*Leslie H. Duncan v. Kenneth L. Lay, et al.,* C.A. No. 5:01–319

*John Barnett v. Kenneth L. Lay, et al.,* C.A. No. 5:01–320

*Shelly Douglass v. Kenneth L. Lay, et al.,* C.A. No. 5:01–321

*Stephen Phillips v. Kenneth L. Lay, et al.,* C.A. No. 5:01–322

*Phil E. Parham, et al. v. Kenneth L. Lay, et al.,* C.A. No. 5:01–323

*Lynn Goffman, et al. v. Robert A. Belfer, et al.,* C.A. No. 9:01–289

*Southern District of Texas*

*Mark Newby, et al. v. Enron Corp., et al.,* C.A. No. 4:01–3624

*Seth Abrams, et al. v. Enron Corp., et al.,* C.A. No. 4:01–3630·

*Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Kenneth L. Lay, et al.,* C.A. No. 4:01–3645

*Robert J. Casey, II, et al. v. Enron Corp., et al.,* C.A. No. 4:01–3647

*Frank Wilson v. Enron Corp., et al.,* C.A. No. 4:01–3652

*J. Michael Gottesman v. Enron Corp., et al.,* C.A. No. 4:01–3660

*Avigayil Greenberg v. Enron Corp., et al.,* C.A. No. 4:01–3670

*Robert Christianson v. Enron Corp., et al.,* C.A. No. 4:01–3671

*Ernest Gottdiener v. Enron Corp., et al.,* C.A. No. 4:01–3681

*Muriel P. Kaufman, IRA v. Enron Corp., et al.,* C.A. No. 4:01–3682

*John P. McCarthy Money Purchase Plan v. Enron Corp., et al.,* C.A. No. 4:01–3686

*Joseph E. Kassoway, etc. v. Andrew S. Fastow, et al.,* C.A. No. 4:01–3690

*Michael Koroluk v. Enron Corp., et al.,* C.A. No. 4:01–3733

*James Brill v. Enron Corp., et al.,* C.A. No. 4:01–3734

*Elmar A. Busch v. Enron Corp., et al.,* C.A. No. 4:01–3735

*Warren Pinchuck v. Enron Corp., et al.,* C.A. No. 4:01–3736

*Mahin S. Mashayekh v. Enron Corp., et al.,* C.A. No. 4:01–3737

*Barbara D. Lee v. Enron Corp., et al.,* C.A. No. 4:01–3789

*Danielle M. Karcich, et al. v. Enron Corp., et al.,* C.A. No. 4:01–3838

*Naomi Raphael v. Enron Corp., et al.,* C.A. No. 4:01–3839

*Victor Ronald Frangione v. Enron Corp., et al.,* C.A. No. 4:01–3889

*Patricia D. Parsons v. Enron Corp., et al.,* C.A. No. 4:01–3903

*Pamela M. Tittle, et al. v. Enron Corp., et al.,* C.A. No. 4:01–3913

*John Odam, et al. v. Enron Corp., et al.,* C.A. No. 4:01–3914

*Frank Anthony Cammarata, III v. Enron Corp., et al.,* C.A. No. 4:01–3993

*Fred Greenberg v. Robert A. Belfer, et al.,* C.A. No. 4:01–3998

*George Nicoud v. Enron Corp., et al.,* C.A. No. 4:01–4009

*Roy E. Rinard, et al. v. Enron Corp., et al.,* C.A. No. 4:01–4060

*Michael P. Harney v. Enron Corp., et al.,* C.A. No. 4:01–4063

*Archdiocese of Milwaukee Supporting Fund, Inc. v. Enron Corp., et al.,* C.A. No. 4:01–4071

*Gary W. Kemper, et al. v. Enron Corp., et al.,* C.A. No. 4:01–4089

*Kenneth Franklin v. Enron Corp., et al.,* C.A. No. 4:01–4106

*Enron Corp. Savings Plan v. Enron Corp., et al.,* C.A. No. 4:01–4108

*Betty J. Clark v. Enron Corp., et al.,* C.A. No. 4:01–4125

*Dorothy Ricketts v. Enron Corp., et al.,* C.A. No. 4:01–4128

*Richard Pottratz, et al. v. Enron Corp., et al.,* C.A. No. 4:01–4150

*Susan Copley v. Kenneth L. Lay, et al.,* C.A. No. 4:01–4168

*James J. Daley, etc. v. Enron Corp., et al.,* C.A. No. 4:01–4189

*Amalgamated Bank, etc. v. Kenneth L. Lay, et al.,* C.A. No. 4:01–4198

*Catherine Stevens, et al. v. Enron Corp. Savings Plan Administrative Committee, et al.,* C.A. No. 4:01–4208