### In re GLOBAL CROSSING LTD. SECURITIES & "ERISA" LITIGATION

No. 1472.

Judicial Panel on Multidistrict Litigation.

Sept. 6, 2002.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR,\* BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN \* and J. FREDERICK MOTZ, Judges of the Panel.

---

\* Judges Sear and Jensen took no part in the decision of this matter.

## TRANSFER ORDER

WILLIAM TERRELL HODGES,
Chairman.

This litigation presently consists of 57 actions: 34 actions in the Central District of California; eighteen actions in the Southern District of New York; three actions in the Western District of New York; and one action each in the District of District of Columbia and the District of New Jersey.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by defendant Global Crossing Ltd. (Global Crossing) and other related defendants[2] to centralize these actions in the Central District of California for coordinated or consolidated pretrial proceedings. Although some responding parties oppose inclusion of certain potential tag-along actions in MDL–1472 pretrial proceedings, nearly all support Section 1407 centralization of all actions in a single federal court, but disagree on the most appropriate transferee district. In addition to the Central District of California, responding parties suggest selection of the Southern District of New York, the District of New Jersey or the Western District of New York as transferee district.

█ On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions arising out of alleged misrepresentations or omissions concerning Global Crossing's financial condition and accounting practices. Whether the actions be brought by securities holders seeking relief under the federal securities laws, shareholders suing derivatively on behalf of Global Crossing, or participants in retirement savings plans suing for violations of the Employee Retirement Income Security Act of 1974 (ERISA), all actions can be expected to focus on a significant number of common events, defendants, and/or witnesses. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary. *See In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 196 F.Supp.2d 1375 (Jud.Pan. Mult.Lit.2002).

Although most proponents of Section 1407 transfer suggest leaving to the transferee judge the extent of the coordination or consolidation of all actions, some responding parties oppose consolidation of the federal securities and ERISA actions and urge the Panel to assign these two groups of actions to different transferee judges in the same federal district. We point out, however, that transfer of all related actions to a single judge has the streamlining effect of fostering a pretrial

---

1. One additional action—*Olofson v. Gary Winnick, et al.*, C.A. No. 2:02–1693—pending in the Central District of California and included on the Section 1407 motion was voluntarily dismissed on May 16, 2002. Accordingly, the question of inclusion of this action in Section 1407 proceedings is moot.

 The Panel has been notified that 22 potentially related actions have recently been filed: eight actions in the Southern District of New York, seven actions in the Western District of New York, four actions in the Central District of California, two actions in the Southern District of Mississippi, and one action in the District of New Jersey. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

2. Global Crossing Employees Retirement Savings Plan and eighteen present or former Global Crossing individual directors and/or officers.

program that: 1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi–Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (Jud.Pan. Mult.Lit.1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

 Although any of the suggested federal districts would be an appropriate forum for Section 1407 proceedings in this litigation, the Panel has decided to entrust this litigation to the Southern District of New York, where eighteen constituent actions and eight potential tag-along actions are pending. We note that this district i) is conveniently located for many parties and witnesses, and ii) possesses the necessary resources to be able to devote the substantial time and effort to pretrial matters that this complex docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Gerard E. Lynch for coordinated or consolidated pretrial proceedings with the actions pending there.

### SCHEDULE A

*MDL–1472—In re Global Crossing Ltd. Securities & "ERISA" Litigation*

*Central District of California*

*Brian Roffe v. Global Crossing Ltd.*, C.A. No. 2:02–1039

*Thomas Albano v. Gary Winnick, et al.*, C.A. No. 2:02–1074

*Janet Mahoney v. Gary Winnick, et al.*, C.A. No. 2:02–1077

*Douglas Groner v. Gary Winnick, et al.*, C.A. No. 2:02–1137

*Robert A. Rovner v. Gary Winnick, et al.*, C.A. No. 2:02–1139

*Samuel Dawson v. Gary Winnick, et al.*, C.A. No. 2:02–1207

*Stephan H. Goldstein, et al. v. Gary Winnick, et al.*, C.A. No. 2:02–1233

*James G. Whitty v. Gary Winnick, et al.*, C.A. No. 2:02–1276

*Gerald Lampton, et al. v. Gary Winnick, et al.*, C.A. No. 2:02–1290

*Albert Halegoua v. Gary Winnick, et al.*, C.A. No. 2:02–1310

*Bernard McAllister v. Gary Winnick, et al.*, C.A. No. 2:02–1323

*Maurice Brodsky, et al. v. Gary Winnick, et al.*, C.A. No. 2:02–1351

*Bruce Hudson, et al. v. Gary Winnick, et al.*, C.A. No. 2:02–1373

*Betty Sampsell v. Gary Winnick, et al.*, C.A. No. 2:02–1455

*Jagdeo Ramkissoon v. Gary Winnick, et al.*, C.A. No. 2:02–1478

*Charles Graham v. Gary Winnick, et al.*, C.A. No. 2:02–1483

*Donald Yancey, etc. v. Gary Winnick, et al.*, C.A. No. 2:02–1635

*Ben Gordon v. Gary Winnick, et al.*, C.A. No. 2:02–1644

*Jon L. Pettit, et al. v. Gary Winnick, et al.*, C.A. No. 2:02–1806

*Bruce Donald Graham v. Gary Winnick, et al.*, C.A. No. 2:02–1826

*Amy Ghazle v. Gary Winnick, et al.*, C.A. No. 2:02–1827

*Richard Geist v. Gary Winnick, et al.*, C.A. No. 2:02–1873

*Charles G. Cooper, et al. v. Gary Winnick, et al.*, C.A. No. 2:02–1957

*Bruce Hill v. Gary Winnick, et al.*, C.A. No. 2:02–2033

*Daniel K. Iles v. Gary Winnick, et al.*, C.A. No. 2:02–2034

*Scott Johnson v. Gary Winnick, et al.,* C.A. No. 2:02–2070

*James Guarino v. Gary Winnick, et al.,* C.A. No. 2:02–2100

*Richard J. Turoff v. Arthur Andersen, LLP, et al.,* C.A. No. 2:02–2133

*Rodney Scott Coleman v. Gary Winnick, et al.,* C.A. No. 2:02–2343

*Edward Gildea v. Gary Winnick, et al.,* C.A. No. 2:02–2457

*Martin Aircraft Tool Co., et al. v. Pacific Capital Group, Inc., et al.,* C.A. No. 2:02–2470

*Michael Eisenberg, etc. v. Gary Winnick, et al.,* C.A. No. 2:02–2497

*Paul Bufano, et al. v. Gary Winnick, et al.,* C.A. No. 2:02–2606

*Hawaii Laborers' Trust Funds v. Gary Winnick, et al.,* C.A. No. 2:02–2608

*District of District of Columbia*

*Jeffery Abdelnour v. Gary Winnick, et al.,* C.A. No. 1:02–298

*District of New Jersey*

*Joseph Zycherman v. Gary Winnick, et al.,* C.A. No. 2:02–643

*Southern District of New York*

*F. Richard Manson v. Gary Winnick, et al.,* C.A. No. 1:02–910

*Martin Blount v. Gary Winnick, et al.,* C.A. No. 1:02–944

*Dr. Bajrang Agarwal v. Gary Winnick, et al.,* C.A. No. 1:02–990

*Reuben Askowitz v. Gary Winnick, et al.,* C.A. No. 1:02–1006

*Gary Kosseff v. Gary Winnick, et al.,* C.A. No. 1:02–1049

*Angelo Armezzani v. Gary Winnick, et al.,* C.A. No. 1:02–1086

*Tiwok, Inc., et al. v. Gary Winnick, et al.,* C.A. No. 1:02–1129

*Christine J. Lopau v. Gary Winnick, et al.,* C.A. No. 1:02–1134

*Jeffrey Kurtz v. Gary Winnick, et al.,* C.A. No. 1:02–1158

*Paul McGovern v. Gary Winnick, et al.,* C.A. No. 1:02–1386

*Leonard Fuchs, et al. v. Gary Winnick, et al.,* C.A. No. 1:02–1392

*Virginia Musacchio v. Gary Winnick, et al.,* C.A. No. 1:02–1588

*Elaine B. Gastman v. Gary Winnick, et al.,* C.A. No. 1:02–1612

*Wallace C. Thompson v. Gary Winnick, et al.,* C.A. No. 1:02–2014

*James F. Tucker v. Gary Winnick, et al.,* C.A. No. 1:02–2247

*Daniel K. Iles v. Gary Winnick, et al.,* C.A. No. 1:02–2641

*Staro Asset Management, LLC v. Gary Winnick, et al.,* C.A. No. 1:02–2652

*Richard P. Kleinknecht, etc. v. Gary Winnick, et al.,* C.A. No. 1:02–2665

*Western District of New York*

*Roy E. Boyer, et al. v. Gary Winnick, et al.,* C.A. No. 6:02–6067

*Mary Ann Cottrell v. Gary Winnick, et al.,* C.A. No. 6:02–6105

*Sidney Hasler v. Gary Winnick, et al.,* C.A. No. 6:02–6160