## In re AOL TIME WARNER INC. SECURITIES LITIGATION

### No. 1500.

Judicial Panel on Multidistrict Litigation.

### Dec. 16, 2002.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ,* Judges of the Panel.

### *TRANSFER ORDER*

WM. TERRELL HODGES, Chairman.

This litigation presently consists of 22 actions: nineteen actions in the Southern District of New York; two actions in the Eastern District of Virginia, and one action in the Eastern District of Texas.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by defendants AOL Time Warner Inc. (AOL Time Warner) and America Online, Inc. (AOL) to centralize these actions in the Southern District of

* Judges Sear, Selya and Motz took no part in the decision of this matter.

1. The Panel has been notified that seven potentially related actions have recently been filed: five actions in the Southern District of

New York and two actions in the Eastern District of Virginia. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

New York for coordinated or consolidated pretrial proceedings. All responding parties support Section 1407 centralization of all actions in a single federal court, but disagree on the most appropriate transferee district. In addition to the Southern District of New York, responding parties suggest selection of the Eastern District of Virginia as transferee district.

■ On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions arising out of alleged misrepresentations or omissions by AOL Time Warner and/or AOL concerning accounting practices relating to recognition of certain types of revenue. Whether the actions be brought by securities holders seeking relief under the federal securities laws, shareholders suing derivatively on behalf of AOL Time Warner, or participants in retirement savings plans suing for violations of the Employee Retirement Income Security Act of 1974 (ERISA), all actions can be expected to focus on a significant number of common events, defendants, and/or witnesses. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary. *See In re Enron Corp. Sec., Derivative & "ERISA" Litig.,* 196 F.Supp.2d 1375 (Jud.Pan. Mult.Lit.2002). We also point out that transfer of all related actions to a single judge has the streamlining effect of fostering a pretrial program that: 1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi–Piece Rim Products Li-*

*ability Litigation,* 464 F.Supp. 969, 974 (Jud.Pan.Mult.Lit.1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We leave to the discretion of the transferee judge the extent of coordination or consolidation among these actions.

■ Although either of the suggested federal districts would be an appropriate forum for Section 1407 proceedings in this litigation, the Panel has decided to entrust this litigation to the Southern District of New York, where nineteen constituent actions and five potential tag-along actions are pending. We note that this district i) is conveniently located for many parties and witnesses, and ii) possesses the necessary resources to be able to devote the substantial time and effort to pretrial matters that this complex docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Shirley Wohl Kram for coordinated or consolidated pretrial proceedings with the actions pending there.

IT IS FURTHER ORDERED that MDL–1500 is renamed as follows: MDL–1500—In re AOL Time Warner Inc. Securities & "ERISA" Litigation.

### SCHEDULE A

*MDL–1500—In re AOL Time Warner Inc. Securities Litigation*

*Southern District of New York*
*Jennifer Fadem v. AOL Time Warner Inc., et al.,* C.A. No. 1:02–5575
*Steven Schmalz v. AOL Time Warner Inc., et al.,* C.A. No. 1:02–5616

*Miriam Antin v. AOL Time Warner Inc., et al.,* C.A. No. 1:02–5633

*Mark Bluestein v. AOL Time Warner Inc., et al.,* C.A. No. 1:02–5643

*Malka Birnaum v. AOL Time Warner Inc., et al.,* C.A. No. 1:02–5705

*Ernest Hack v. AOL Time Warner Inc., et al.,* C.A. No. 1:02–5777

*Harvey Matcovsky v. AOL Time Warner Inc., et al.,* C.A. No. 1:02–5778

*Delbert Currens v. AOL Time Warner Inc., et al.,* C.A. No. 1:02–5799

*Howard Rosengarten v. AOL Time Warner Inc., et al.,* C.A. No. 1:02–5848

*Alan Russo, et al. v. AOL Time Warner Inc., et al.,* C.A. No. 1:02–5936

*Barbara Dietel v. AOL Time Warner Inc., et al.,* C.A. No. 1:02–5966

*Earl Bennett v. AOL Time Warner Inc., et al.,* C.A. No. 1:02–6067

*Jack L. McBride v. AOL Time Warner Inc., et al.,* C.A. No. 1:02–6088

*Vardan Sarkisov v. AOL Time Warner Inc., et al.,* C.A. No. 1:02–6128

*Sherry Weindorf v. AOL Time Warner Inc., et al.,* C.A. No. 1:02–6200

*Chuck Hall, etc. v. Stephen M. Case, et al.,* C.A. No. 1:02–6302

*Earl Mikolitch v. AOL Time Warner Inc., et al.,* C.A. No. 1:02–6333

*John Pleggenkuhle v. AOL Time Warner Inc., et al.,* C.A. No. 1:02–6397

*Prena Smajlai v. AOL Time Warner Inc., et al.,* C.A. No. 1:02–6564

*Eastern District of Texas*

*Kenneth McClure, et al. v. AOL Time Warner Inc., et al.,* C.A. No. 5:02–161

*Eastern District of Virginia*

*Howard Sevel v. AOL Time Warner Inc., et al.,* C.A. No. 1:02–1110

*Philip J. Goodman v. AOL Time Warner Inc., et al.,* C.A. No. 1:02–1155