## In re XCEL ENERGY, INC., Securities, Derivative & "ERISA" Litigation

### No. 1511.

Judicial Panel on Multidistrict Litigation.

March 4, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, JR., Judges of the Panel.

## TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation presently consists of sixteen actions: fourteen actions in the District of Minnesota and two actions in the District of Colorado. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by defendant Xcel Energy, Inc. (Xcel Energy) and related individual defendants to centralize these actions in the District of Minnesota for coordinated or consolidated pretrial proceedings. Recently appointed lead plaintiffs in the Minnesota securities actions support this motion. The Colorado plaintiffs oppose 1407 centralization. If the Panel deems centralization appropriate, these plaintiffs suggest the District of Colorado as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions arising out of alleged misrepresentations or omissions by Xcel Energy and its officers and directors regarding operations and business prospects of Xcel Energy or its subsidiary, NRG Energy, Inc. Whether the actions be brought by securities holders seeking relief under the federal securities laws, shareholders suing derivatively on behalf of Xcel Energy, or participants in retirement savings plans suing for violations of the Employee Retirement Income Security Act of 1974 (ERISA), all actions can be expected to focus on a significant number of common events, defendants, and/or witnesses. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary. *See In re Enron Corp. Sec., Derivative & "ERISA" Litigation,* 196 F.Supp.2d 1375 (J.P.M.L. 2002). We also point out that transfer of all related actions to a single judge has the

streamlining effect of fostering a pretrial program that: 1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L.1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We leave to the discretion of the transferee judge the extent of coordination or consolidation among these actions.

■ The Panel is persuaded that the District of Minnesota is an appropriate transferee district for this litigation. We note that i) fourteen of the sixteen actions are currently underway there before Judge David S. Doty, and ii) this district is conveniently located for many parties and witnesses.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending in the District of Colorado are transferred to the District of Minnesota, and, with the consent of that court, assigned to the Honorable David S. Doty for coordinated or consolidated pretrial proceedings with the actions pending there.

### SCHEDULE A

*MDL–1511—In re Xcel Energy, Inc., Securities, Derivative & "ERISA" Litigation*

*District of Colorado*

*Donald Newcome, et al. v. Xcel Energy, Inc., et al.*, C.A. No. 1:02–1829

*Gene Barday, Jr. v. Xcel Energy, Inc., et al.*, C.A. No. 1:02–1932

*District of Minnesota*

*Max Bruckner, et al. v. Xcel Energy, Inc., et al.*, C.A. No. 0:02–2677

*Jonathan Miller v. Xcel Energy, Inc., et al.*, C.A. No. 0:02–2774

*Sayers Investment Partners, et al. v. Xcel Energy, Inc., et al.*, C.A. No. 0:02–2787

*Francis John Pease v. Xcel Energy, Inc., et al.*, C.A. No. 0:02–2832

*Norma Kegg v. Xcel Energy, Inc., et al.*, C.A. No. 0:02–2889

*Eastside Holdings, Ltd. v. Xcel Energy, Inc., et al.*, C.A. No. 0:02–2921

*Edith Gottlieb v. Xcel Energy, Inc., et al.*, C.A. No. 0:02–2931

*James G. Thomas, etc. v. Xcel Energy, Inc., et al.*, C.A. No. 0:02–2933

*Glen R. Laws v. Xcel Energy, Inc., et al.*, C.A. No. 0:02–3053

*Chips Investments Limited Partnership v. Xcel Energy, Inc., et al.*, C.A. No. 0:02–3508

*William Potter v. Xcel Energy, Inc., et al.*, C.A. No. 0:02–3574

*Dorothy Potash v. Xcel Energy, Inc., et al.*, C.A. No. 0:02–3715

*Catholic Workman v. Xcel Energy, Inc., et al.*, C.A. No. 0:02–3755

*Eliot B. Gersten v. Xcel Energy, Inc., et al.*, C.A. No. 0:02–3798