**In re ALLEGHENY ENERGY, INC., SECURITIES LITIGATION**

**No. 1518.**

Judicial Panel on Multidistrict Litigation.

April 14, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

### *TRANSFER ORDER*

WM. TERRELL HODGES, Chairman.

This litigation consists of the fourteen actions listed on the attached Schedule A and pending in two districts as follows: thirteen actions in the Southern District of New York and one action in the District of Maryland.[1] Now before the Panel is an unopposed motion, brought pursuant to 28 U.S.C. § 1407, by the plaintiff in the Maryland action seeking centralization of the fourteen actions in the District of Maryland. The sole corporate defendant that is named in all actions, Allegheny Energy, Inc. (Allegheny), and four of the docket's five individual defendants join in the motion. Two plaintiffs that have moved to be named lead plaintiffs in the Southern District of New York actions agree that the MDL–1518 actions should be centralized and that the District of Maryland is an appropriate transferee forum.

■ On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Maryland will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Each action i) is a putative class action brought on behalf of purchasers of Allegheny securities, and ii) involves allegations that Allegheny and the individual defendants failed to disclose the existence of deceptive energy trading practices which, among other things, led to an artificially inflated price for Allegheny's securities. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary. *See In re Enron Corp. Securities, Derivative & "ERISA" Litigation,* 196 F.Supp.2d 1375 (Jud.Pan. Mult.Lit.2002).

■ We are persuaded that the District of Maryland is an appropriate transferee forum for this docket. We note that i) because Allegheny is headquartered in Maryland and most of the individual defendants reside there, the Maryland district is likely to be the location of significant discovery activity, and ii) all responding parties support selection of that district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the District of Maryland are transferred to the District of Maryland and, with the consent of that court, assigned to the Honorable Andre M. Davis for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

---

1. The Panel has been notified of an additional related action recently filed in the Southern District of New York. In light of the Panel's disposition of this docket, this action will be treated as a potential tagalong action. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

## SCHEDULE A

*MDL–1518—In re Allegheny Energy, Inc., Securities Litigation*

*District of Maryland*

*John C. Moss, IRA v. Allegheny Energy, Inc., et al.,* C.A. No. 1:02–3703

*Southern District of New York*

*Joseph P. Shemitz v. Allegheny Energy, Inc., et al.,* C.A. No. 1:02–8366

*William Haines v. Allegheny Energy, Inc., et al.,* C.A. No. 1:02–8806

*Joseph B. Hargroder, M.D. v. Allegheny Energy, Inc., et al.,* C.A. No. 1:02–8811

*Philip H. Cohen v. Allegheny Energy, Inc., et al.,* C.A. No. 1:02–8838

*Stanley A. Friesen v. Allegheny Energy, Inc., et al.,* C.A. No. 1:02–8986

*William H. Barnes, et al. v. Allegheny Energy, Inc., et al.,* C.A. No. 1:02–9101

*Karl Welty v. Allegheny Energy, Inc., et al.,* C.A. No. 1:02–9159

*Anne Shaw v. Allegheny Energy, Inc., et al.,* C.A. No. 1:02–9243

*James S. Keffalas v. Allegheny Energy, Inc., et al.,* C.A. No. 1:02–9268

*Dorothy Kliebert v. Allegheny Energy, Inc., et al.,* C.A. No. 1:02–9329

*Robert Allred v. Allegheny Energy, Inc., et al.,* C.A. No. 1:02–9508

*Richard Hubbard v. Allegheny Energy, Inc., et al.,* C.A. No. 1:02–9509

*Frank Messenger v. Allegheny Energy, Inc., et al.,* C.A. No. 1:02–9569