1. The Section 1407 motion also pertained to an additional consolidated N.D. California action, *William H. Batallas, etc. v. John T. Chambers, et al.,* C.A. No. 5:01–20828. This action, however, was ordered dismissed by the California court on February 11, 2003.

*Edmund Duke, et al. v. Southwestern Life Insurance Co., et al.,* C.A. No. 4:03–6

### In re CISCO SYSTEMS, INC., SECURITIES & DERIVATIVE LITIGATION

**Plumbers & Pipefitters Local 572 Pension Fund, et al. v. Cisco Systems, Inc., et al., N.D.California, C.A. No. 5:01-20418,**

**Ian Rogers, et al. v. Cisco Systems, Inc., N.D.Florida, C.A. No. 3:03-32**

### No. 1527.

Judicial Panel on Multidistrict Litigation.

June 17, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

### *TRANSFER ORDER*

WILLIAM TERRELL HODGES, Chairman.

This litigation consists of two actions pending in two districts as follows: a consolidated action in the Northern District of California and an individual action in the Northern District of Florida.[1] Now before the Panel is an unopposed motion, brought

---

Accordingly, the question of inclusion of this action in Section 1407 proceedings is now moot and will remain so, unless and until resolution of a pending appeal of the dismissal results in reinstatement of the action.

pursuant to 28 U.S.C. § 1407, by the common defendant Cisco Systems, Inc. (Cisco) and 21 present or former Cisco officers and/or directors. Plaintiffs in the Florida action are the only parties who have responded to the motion. They stated that they did not oppose transfer as long as it occurred after the Florida court ruled on Cisco's fully submitted motion to dismiss their action. This conditional objection has been removed by the May 14, 2003 ruling of the Florida court granting in part and denying in part the dismissal motion.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Both actions share factual and legal questions arising out of alleged misrepresentations or omissions concerning Cisco's financial results and business prospects. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. *See In re Enron Corp. Securities, Derivative & "Erisa" Litigation,* 196 F.Supp.2d 1375 (Jud.Pan. Mult.Lit.2002).

We are persuaded that the Northern District of California is an appropriate transferee forum for this docket. We note that i) the California action has been pending for over two years, thus affording the California court the opportunity to develop a familiarity with the issues in this litigation; and ii) all moving and responding parties agree upon selection of that district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending outside the Northern District of California is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable James Ware for coordinated or consolidated pretrial proceedings with the action pending in that district.

