**In re GLOBAL CROSSING LIMITED SECURITIES LITIGATION**

**No. MDL 1630.**

Judicial Panel on Multidistrict Litigation.

Oct. 22, 2004.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation presently consists of seven actions listed on the attached Schedule A as follows: four actions in the District of New Jersey, two actions in the Southern District of New York, and one action in the

Central District of California.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by defendant Global Crossing Limited (GCL) and other related defendants[2] to centralize these actions for coordinated or consolidated pretrial proceedings. All responding parties agree that Section 1407 centralization is appropriate. GCL and all responding parties now also agree that the Southern District of New York is an appropriate transferee district for this litigation.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions arising out of alleged misrepresentations or omissions concerning GCL's financial condition and accounting practices relating to access costs subsequent to December 9, 2003, the date GCL became the successor company to Global Crossing Ltd. (GX). Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary. *See In re Enron Corp. Securities, Derivative & "ERISA" Litigation,* 196 F.Supp.2d 1375 (Jud.Pan.Mult.Lit.2002).

The Panel is persuaded that the Southern District of New York is an appropriate transferee district for this litigation. We note that i) all responding parties now agree upon centralization in this district, and ii) Judge Gerard E. Lynch is likely familiar with GCL's business and operations, because he is the transferee judge in a multidistrict litigation involving GX, GCL's predecessor company. *In re Global*

*Crossing Ltd. Securities & "ERISA" Litigation,* 223 F.Supp.2d 1384 (Jud.Pan. Mult.Lit.2002).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Gerard E. Lynch for coordinated or consolidated pretrial proceedings with the actions pending there.

### SCHEDULE A

*MDL–1630—In re Global Crossing Limited Securities Litigation*

*Central District of California*

*Alaska Electrical Pension Fund v. Global Crossing Limited, et al.,* C.A. No. 2:04–3096

*District of New Jersey*

*Harold Silverstein v. Global Crossing Limited, et al.,* C.A. No. 2:04–2045

*Eva Campbell v. Global Crossing Limited, et al.,* C.A. No. 2:04–2089

*Gerard P. Woods v. Global Crossing Limited, et al.,* C.A. No. 2:04–2091

*Rosario Marino v. Global Crossing Limited, et al.,* C.A. No. 2:04–2195

*Southern District of New York*

*Paul Zedeck v. Global Crossing Limited, et al.,* C.A. No. 1:04–3327

*Gerald G. Buc v. Global Crossing Limited, et al.,* C.A. No. 1:04–3446

---

**1.** The Panel has been notified that one potentially related action has recently been filed in the Southern District of New York. This action and any other related actions will be treated as potential tag-along actions. *See*

Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

**2.** John Legere and Daniel O'Brien.