**In re PARMALAT SECURITIES LITIGATION**

**No. MDL 1653.**

Judicial Panel on Multidistrict Litigation.

Dec. 9, 2004.

Before WM. TERRELL HODGES,* Chairman, JOHN F. KEENAN,* D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

---

### TRANSFER ORDER

D. LOWELL JENSEN, Acting Chairman.

This litigation presently consists of four actions listed on the attached Schedule A as follows: three actions in the Southern District of New York and one action in the Northern District of Illinois.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by defendant Deloitte Touche Tohmatsu (DTT) to centralize these actions for coordinated or consolidated pretrial proceedings. The Grant Thornton[2] and Citigroup[3] defendants support the motion. Plaintiff in the Illinois action—Dr. Enrico Bondi (Bondi), Parmalat's[4] Italian Extraordinary Commissioner—opposes inclusion of his action in MDL–1653 proceedings or asks the Panel to defer its Section 1407 ruling pending a ruling by the Illinois court on his pending motion to remand to state court. If the Panel deems centralization appropriate, Bondi suggests the Northern District of Illinois as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions arising from alleged misrepresentations or omissions concerning Parmalat's financial condition and its 2003 insolvency. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. *See In re Enron Corp. Securities, Derivative & "ERISA" Litigation,* 196 F.Supp.2d 1375 (Jud.Pan. Mult.Lit.2002).

The Panel is persuaded that the Southern District of New York is an appropriate transferee district for this litigation. We note that i) three of the four actions now before the Panel are already pending in the New York district before Judge Lewis A. Kaplan, and ii) this district is relatively conveniently located for parties and witnesses and their counsel located both in the United States and abroad.

---

* Judges Hodges, Keenan, and Motz took no part in the decision of this matter.

1. One action on the MDL–1653 motion—*Dr. Enrico Bondi v. Citigroup, Inc., et al.,* D. New Jersey, C.A. No. 2:04–4373—was remanded to New Jersey state court on November 17, 2004. Accordingly, the question of inclusion of this action in Section 1407 pretrial proceedings is moot.

The Panel has been notified that one potentially related action has recently been filed in the Western District of North Carolina. This action and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

2. Grant Thornton International and Grant Thornton LLP.

3. Citigroup, Inc., Citibank, N.A., Vialattea LLC, Buconero LLC, and Eureka PLC.

4. Parmalat S.p.A., Parmalat Finanziaria S.p.A., and other affiliated companies are collectively referred to as Parmalat.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the Southern District of New York is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Lewis A. Kaplan for coordinated or consolidated pretrial proceedings with the actions pending there.

### SCHEDULE A

*MDL–1653—In re Parmalat Securities Litigation*

*Northern District of Illinois*

    *Dr. Enrico Bondi v. Grant Thornton International, et al.,* C.A. No. 1:04–6031

*Southern District of New York*

    *In re Parmalat Securities Litigation,* C.A. No. 1:04–30

    *Robert McQueen v. Parmalat Finanziaria, S.p.A., et al.,* C.A. No. 1:04–47

    *Ferri Giampolo v. Parmalat Finanziaria, S.p.A., et al.,* C.A. No. 1:04–367