**In re ISOLAGEN, INC., SECURITIES & DERIVATIVE LITIGATION**

Ronald A. Gargiulo v. Isolagen, Inc., et al., E.D. Pennsylvania, C.A. No. 2:05-4983

Gregory Newman v. Isolagen, Inc., et al., E.D. Pennsylvania, C.A. No. 2:05-5090

Elliot Liff, et al. v. Isolagen, Inc., et al., S.D. Texas, C.A. No. 4:05-2887

Michael Cummiskey v. Isolagen, Inc., et al., S.D. Texas, C.A. No. 4:05-3105

Richard Keene, etc. v. Frank M. DeLape, et al., S.D. Texas, C.A. No. 4:05-3441

No. 1741.

Judicial Panel on Multidistrict Litigation.

Feb. 23, 2006.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

---

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of three actions pending in the Southern District of Texas and two actions pending in the Eastern District of Pennsylvania. Defendant Isolagen, Inc. (Isolagen) moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Eastern District of Pennsylvania. The motion is almost unopposed; there exists some disagreement regarding the selection of a transferee district, in that one proposed lead plaintiff applicant group[1] pre-

fers transfer of all actions to the Southern District of Texas.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions are putative class actions and a shareholder derivative action that share factual questions arising from alleged misrepresentations or omissions concerning Isolagen's financial condition. Centralization under Section 1407 is necessary in order to .eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary. *See In re Enron Corp. Securities, Derivative & "ERISA" Litigation,* 196 F.Supp.2d 1375 (Jud.Pan. Mult.Lit.2002).

We conclude that the Eastern District of Pennsylvania is an appropriate transferee forum for this docket. Nearly all parties favor or do not oppose this choice. In addition, this district will likely provide a source of relevant documents and witnesses, inasmuch as Isolagen's U.S. headquarters are currently located there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending in the Southern District of Texas are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Ronald L. Buckwalter for coordinated or consoli-

---

1. Massachusetts Laborers' Annuity and Pension Funds, Keith R. Malkin, Kimberly Wilson, Harvey Ellensweig and Elliot Liff.

dated pretrial proceedings with the actions pending in that district.